The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: July 1 2016

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30604 |
| | ) | |
| Jennifer A. Zuccarell and | ) | Chapter 13 |
| Christopher J. Zuccarell, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO MODIFY CHAPTER 13 PLAN

This case came before the court for hearing on April 26, 2016, on Debtors' Motion to Modify Chapter 13 Plan ("Motion to Modify"). [Doc. # 67]. The Chapter 13 Trustee and Debtor's attorney appeared in person.

The court had conducted a hearing on March 22, 2016, on the Chapter 13 Trustee's Motion to Dismiss, [Doc. # 61], at which the parties presented testimony and other evidence in support of their respective positions and the court took judicial notice of the contents of the case docket. *See* Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). At that hearing, Debtors indicated that they would file a motion to modify their Chapter 13 plan in order to address the issues raised in the Trustee's motion, and the court held the motion to dismiss in abeyance pending the motion to modify being filed. At the hearing on the Motion to Modify, the parties agreed that

the court should consider the testimony offered and evidence admitted at the March 22 hearing.

Debtors filed their Chapter 13 petition on March 4, 2015. Debtors' bankruptcy schedules include a pending Personal Injury Claim for injuries Jennifer Zuccarell sustained in a car accident on April 23, 2012. Debtors' Chapter 13 Plan requires, among other things, monthly payments to the Trustee in the amount of $1,400.00. On November 17, 2015, the court entered an order confirming their Plan and retaining jurisdiction over the net proceeds due as a result of the pending Personal Injury Claim. At the April 26, 2016, hearing on the Motion to Modify, the Trustee informed the court that she had received no plan payments for March or April 2016.

The Trustee's motion to dismiss is based upon her assertion that unsecured creditors have been irreparably harmed by Debtor Jennifer Zuccarell's false statements at the § 341 meeting of creditors. In response to questioning at the § 341 meeting regarding the status of her Personal Injury Claim, Ms. Zuccarell testified that the claim was settled and she was "waiting for payment" but that she did not know how much she was going to receive. [Trustee Ex. A, p.12]. Ms. Zuccarell testified that she understood that the court has jurisdiction over any settlement proceeds she might receive and that she could not spend any settlement funds that she receives without getting court approval. [*Id.* at 14]. The § 341 meeting took place on July 23, 2015. It is undisputed that Ms. Zuccarell had already received the settlement proceeds on June 2, 2016. [*See* Trustee Ex. D].

Ms. Zuccarell's Personal Injury Claim was settled for the total amount of $80,000.00. The Disbursement Statement relating to the settlement proceeds shows deductions for payments to what appears to be those holding subrogation rights and for attorney fees and expenses, with the balance received by Ms. Zuccarell in the amount of $29,808.35. The deductions include $10,000.00 paid to Ms. Zuccarell's father as repayment for money advanced to Debtors for assistance in paying their living expenses while she was off work after the car accident.

Ms. Zuccarell testified that Debtors incurred expenses after filing their petition that included medical expenses for injuries by a pit bull that were sustained by their son and that required surgery and physical therapy and expenses for repairs to their basement that flooded in June 2015. While there is no dispute that Debtors have already used the settlement proceeds, in their Motion to Modify, Debtors request permission to retain $39,808.00 of the proceeds for payment of medical bills for injuries sustained by their son in the amount of $5,650.00, for basement repairs in the amount of $7,500.00, for other living expenses, vehicle repairs, household repairs and utility expenses in the amount of $16,500.00, and for repayment of funds

2

advanced to them by Ms. Zuccarell's father in the amount of $10,000.00. Debtors do not otherwise document any of these expenses. Debtors' Motion to Modify proposes to increase their monthly plan payments by $830.00, for monthly payments in the total amount of $2,230.00, for the remainder of the plan in order to replace the settlement proceeds that have been expended.

Modification of a confirmed plan is governed by 11 U.S.C. § 1329. In order to obtain approval of a modification, the proposed modification must satisfy the requirements of § 1325(a). 11 U.S.C. § 1329(b)(1). Those requirements include that the plan has been proposed in good faith and that the debtor will be able to make all payments under the plan. 11 U.S.C. § 1325(a)(3) & (a)(6). The proponent of the modification bears the burden of proof. *In re Milano*, No. 09-61915, 2012 WL 1965661, *3, 2012 Bankr. LEXIS 2464, *7 (Bankr. N.D. Ohio May 31, 2012) (citing *In re Than*, 215 B.R. 430, 434 (B.A.P. 9th Cir. 1997)); *In re Eckert*, 485 B.R. 77, 85 (Bankr. M.D. Pa. 2013).

Debtors have not met their burden of showing either good faith in proposing the plan modification or the feasibility of the proposed modification. The series of events in this case demonstrate a lack of good faith. Specifically, Ms. Zuccarell's false testimony at the § 341 meeting of creditors that she had not yet received any settlement proceeds and the subsequent depletion of those proceeds without court authority, together with the treatment of insiders, namely Ms. Zuccarell's father, more favorably than other prepetition creditors, demonstrates the lack of good faith in proposing to modify their plan. Debtors' proposed modification is simply an attempt to assuage any wrongdoing and does not address the harm to creditors in having to wait four more years before receiving the distribution that should have occurred months ago.

The court also finds the proposed increase in monthly plan payments is not feasible. At the time of the April 26, 2016, hearing on the Motion to Modify, Debtors had not even made the March and April payments required under the confirmed plan. And Debtors demonstrated no changed circumstances that would suggest that they could increase their monthly plan payments by $830.00.

For these reasons, and those stated at the hearing on the Motion to Modify, good cause appearing,

**IT IS ORDERED** that Debtors' Motion to Modify [Doc. # 67] be, and hereby is, **DENIED.**

###

3